Filed 12/28/21  P. v. Gallon CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>TONI GALLON,<br><br>     Defendant and Appellant. | D078357<br><br><br>(Super. Ct. No. SCN395782) |

APPEAL from a judgment of the Superior Court of San Diego County, Sim Von Kalinowski, Judge.  Affirmed and remanded with directions.

Matthew A. Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Steve Oetting and Warren J. Williams, Deputy Attorneys General, for Plaintiff and Respondent.

Toni Gallon pleaded guilty to grand theft of personal property (Pen. Code,[1] § 487, subd. (a)), admitting she unlawfully took another person's

---

1      Undesignated statutory references are to the Penal Code.

property valued at more than $950. In exchange, the People dismissed other charges against her.

Gallon contends and the People concede that (1) the order of formal probation must be modified because it does not reflect the court's oral pronouncement; and (2) she is entitled to retroactively benefit from Assembly Bill Nos. 1869 and 1950. We affirm the judgment and remand with directions set forth below.

FACTUAL AND PROCEDURAL BACKGROUND

At Gallon's October 2020 sentencing hearing, the trial court suspended execution of a three-year sentence and granted Gallon three years formal probation, ordering her to serve 180 days in custody. Defense counsel objected to probation condition 6(n), requiring Gallon to submit to electronic search of her devices, and conditions 14(a), and 14(b), which require her to obtain substance abuse assessment and treatment. Counsel argued that no nexus existed between those conditions and Gallon's crimes. The court agreed and struck those three conditions; however, that is not reflected in the court's written order.

Further, the court stated Gallon would no longer have to pay an $820 fine under section 1465.7, subdivision (a). However, it ruled she was required to pay other fines set forth in the probation report (including a $154 criminal justice administration fee under Government Code section 29550.1, presentence investigation costs under section 1203.1b, and court-appointed attorney costs under section 9878 in monthly installments of $25, beginning six months after her release from custody. This again is not reflected in the court's written order, which instead states that the $820 penalty is imposed, and that Gallon is required to pay $50 monthly fines, fees and assessments beginning in December 2020.

2

## DISCUSSION

### I. *The Written Probation Order*

We accept the People's concession that the written order granting formal probation should be amended to strike probation conditions 6(n), 14(a) and 14(b) to conform to the court's oral pronouncement. "In a criminal case, it is the *oral pronouncement of sentence* that constitutes the judgment." (*People v. Scott* (2012) 203 Cal.App.4th 1303, 1324.) "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385; *People v. Mesa* (1975) 14 Cal.3d 466, 471 [rendition of judgment is an oral pronouncement; the record of the oral pronouncement of the court controls over the clerk's minute order and abstract of judgment].) The written order should likewise be amended to reflect that the court ordered Gallon to pay $25 monthly toward the imposed fines, fees and assessments beginning six months after her release from local custody.

### II. *Assembly Bill No. 1869*

At the sentencing hearing, the trial court imposed fines, fees and assessments "as stated in the probation report," including a $154 criminal justice administration fee under Government Code section 29550.1, presentence investigation costs under Penal Code section 1203.1b, and court-appointed attorney costs under Penal Code section 987.8. After the sentencing hearing, the Governor signed into law Assembly Bill No. 1869, which effective July 1, 2021, eliminated many fines, fees, and assessments that courts imposed under a range of statutes. (Assem. Bill No. 1869 (2019-2020 Reg. Sess.) §§ 2, 62.)

Gallon contends that under Assembly Bill No. 1869, this court should strike the criminal justice administration fee, the repayment of the presentence investigation costs under section 1203.1b, and the cost of court-appointed counsel under section 987.8.

Among other provisions, Assembly Bill No. 1869 added Government Code section 6111, which provides that "the unpaid balance of any court-imposed costs pursuant to [Government Code] Section 27712, subdivision (c) or (f) of Section 29550, and Sections 29550.1, 29550.2, and 29550.3, as those sections read on June 30, 2021, is unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Gov. Code, § 6111, subd. (a).) Assembly Bill No. 1869 also added section 1465.9, subdivision (a) to the Penal Code: "On and after July 1, 2021, the balance of any court-imposed costs pursuant to Section 987.4, subdivision (a) of Section 987.5, Sections 987.8, 1203, 1203.1e, 1203.016, 1203.018, 1203.1b, 1208.2, 1210.15, 3010.8, 4024.2, and 6266, as those sections read on June 30, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (Stats. 2020, ch. 92, § 62.)

As this court held in *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 950, under the plain language of Government Code section 6111, subdivision (a), the unpaid balance of the criminal justice administration fee is unenforceable and uncollectible, and the portion of the judgment imposing such costs must be vacated. (Gov. Code, § 6111, subd. (a).) We therefore vacate any unpaid balance of the costs imposed by the court under Government Code section 6111, subdivision (a) and Penal Code section 1465.9 as of July 1, 2021.

4

## III. *Assembly Bill No. 1950*

We accept the People's concession that Gallon is entitled to the benefit of Assembly Bill No. 1950, which the Governor signed into law on September 30, 2020. (Stats. 2020, ch. 328, § 2.) Assembly Bill No. 1950 amended section 1203.1 to limit felony probation terms to no longer than two years, except for certain offenses not relevant here. (See § 1203.1, subd. (m)(1).)

The People acknowledge that this court has previously held that Assembly Bill No. 1950 applies retroactively to cases that were not final as of its January 1, 2021 effective date. (See *People v. Sims* (2021) 59 Cal.App.5th 943 [concluding that under *In re Estrada* (1965) 63 Cal.2d 740, Assembly Bill No. 1950's "limitation on the maximum duration of felony probation terms constitutes an ameliorative change to the criminal law that applies retroactively to cases that were not reduced to final judgment as of the new law's effective date"].) Under *Sims*, the new law applies to this case, which was not final as of January 1, 2021.

We remand the matter to the trial court to correct the minute order governing the length and terms of probation to reflect a two-year term of formal probation.

DISPOSITION

We affirm the judgment. On remand, the trial court is directed to correct the minute order to reflect that probation conditions 6(n), 14(a) and 14(b) are stricken; Gallon is to pay her fines, fees and assessments in $25 monthly installments beginning six months after her release from local custody; under Government Code section 6111 and Penal Code section 1465.9, any portion of money imposed that is unpaid as of July 1, 2021, is vacated; and Gallon's probation term is reduced to two years. The court is to notify the San Diego County Department of Probation of these changes.

O'ROURKE, Acting P. J.

WE CONCUR:


IRION, J.


DO, J.

6